IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 16, 2005 Session


# LEONARD HARTMAN v. JOHN T. MILBURN ROGERS, JERRY W. LAUGHLIN, WILLIAM S. NUNNALLY and ROGERS, LAUGHLIN, NUNNALLY, HOOD & CRUM, P.C.


**Direct Appeal from the Circuit Court for Greene County**
No. 03CV661     Hon. Kindall T. Lawson, Circuit Judge

_____

**No. E2004-01953-COA-R3-CV  - FILED APRIL 18, 2005**

_____


In this legal malpractice action against attorneys, the Trial Court granted all defendants summary judgment.  On appeal, we affirm on grounds that the statute of limitations ran before the suit was filed.


**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**


HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

David B. Hamilton, Knoxville, Tennessee, for appellant.

Thomas L. Kilday, Greenville, Tennessee, for appellees.


**OPINION**


Plaintiff has appealed from the summary judgment granted to the defendants in an action for legal malpractice stemming from plaintiff's divorce case.

As of the date of appeal to this Court, the defendants herein are the fourth, fifth, and sixth in a succession of nine attorneys employed by the plaintiff in connection with his divorce.

The Trial Court granted summary judgment to defendants on several grounds, including the statute of limitations, and we conclude that whether the statute had run is the determinative issue on appeal.

By way of background, the Trial Court filed its Memorandum on the plaintiff's divorce case on January 26, 2000, and a Final Decree was entered on February 17, 2000. Attorney Bud Cunningham was Plaintiff's third attorney and represented plaintiff in the divorce case to its completion on January 21, 2000. He was not named as a defendant in this action. Plaintiff's Complaint does refer to his unsatisfactory representation for failure to prepare the case adequately by not impeaching the plaintiff's now ex-wife when she denied the existence of a marital debt to plaintiff's mother for $127,000.00.

The crux of plaintiff's dissatisfaction centers around the Trial Court's division of the marital assets and debt. The Court charged the plaintiff with the responsibility for a marital debt owed to plaintiff's mother of $127,000.00, on property ultimately awarded to the wife. Plaintiff's wife had denied the existence of any marital debt in this regard, but the Trial Court credited plaintiff's testimony, characterized the debt as marital indebtedness, and ordered plaintiff to pay all the marital debts.[1]

On March 15, 2000, defendant Rogers filed a Motion to Alter or Modify the final decree on behalf of plaintiff, but the trust deed was not addressed. On July 17, 2000, the Trial Court entered a Final Decree overruling the Motion to Alter or Amend, and defendant Rogers did not represent plaintiff beyond that juncture.

In December of 2000, plaintiff employed defendant Nunnally for the purpose of preparing instruments necessitated by the Final Judgment of Divorce, including a Note, Deed of Trust and Release of Deed of Trust. Nunnally reviewed the state of the title to the property in the Registrar of Deeds office for Greene County, and noted a Deed of Trust dated April 20, 1993 given by Leonard and Sharon Hartman to plaintiff's mother, securing an indebtedness described in the Deed of Trust. Nunnally prepared a Release of the Trust Deed because the Final Decree had awarded that property to the wife to be unencumbered by any lien. Plaintiff signed the Release on December 13, 2000, which concluded Nunnally's representation of plaintiff.

Defendant Laughlin was employed by plaintiff to then appeal the single issue of the alimony award. The allocation of marital assets and debt was not appealed and this Court affirmed

---

[1]The parties through their attorneys filed a joint statement of assets and liabilities in the divorce trial. An exhibit in evidence at that trial sets forth, "Debt to Husband's Mother" His value "$127,000.00." Her value "$0".

the Trial Court's award of alimony in an Opinion filed July 20, 2001.[2]  On July 19, 2002, plaintiff filed a malpractice complaint against the defendants herein, except Nunnally, and on July 30, 2002, the Complaint was non-suited.  On July 10, 2003, the malpractice complaint herein was filed, and also named Nunnally as a defendant.

It is plaintiff's position that he had forgotten about executing the Deed of Trust on April 23, 1993, and never advised any of his attorneys of its existence until it was brought to his attention by Nunnally.

This Court, in reviewing summary judgments, accord no presumption of correctness to the lower Court's judgments, because the issues are questions of law.  *Staples v. CBL & Assoc., Inc.,* 15 S.W.3d 83, 88 (Tenn. 2000); *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997).  To properly support a motion for summary judgment, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense.  *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998).

In *Cherry v. Williams*, 36 S.W.3d 78 (Tenn. Ct. App. 2000), we said:

Defenses based on a statute of limitations are particularly amenable to summary judgment motions. [Citation omitted].  Most often the facts material to a statute of limitations defense are not in dispute.  When the facts and the inferences reasonably drawn from the facts are not disputed, the courts themselves can bring to bear the applicable legal principles to determine whether the moving party is entitled to a judgment as a matter of law.  *Cherry*, 36 S.W.3d at 83.

A cause of action for legal malpractice accrues and the statute of limitations commences when: (1) the attorney had committed negligence; (2) the defendant's negligence causes the plaintiff to suffer a legally cognizable or actual injury; and (3) the plaintiff knows, or in the exercise of reasonable care and diligence should have discovered the existence of facts constituting negligence by the attorney at the injury caused thereby.  *Carvell v. Bottoms,* 900 S.W.2d 23, 28, 30 (Tenn. 1995); *Caldonia Leasing v. Armstrong, Allen, Braden, Goodman, McBride & Prewitt*, 865 S.W.2d 10, 13 (Tenn. Ct. App. 1992); *Ameraccount Club, Inv., v. Hill*, 617 S.W.2d 876, 878-79 (Tenn. 1981).

Plaintiff argues that his "injury" did not occur until his loss in the Court of Appeals

---

[2]This Court, in its Opinion on the appeal of the divorce referenced the disputed debt thusly:

The Trial Court also ordered defendant [plaintiff herein] to pay all of the parties' marital debts of $239,000.00.  As one of the parties' marital debts, defendant claimed a debt owed to his mother in the amount of $127,000.00.  Plaintiff disputed that this was a marital debt.

in July 2001, eighteen months after the final decree of divorce, because only then did he finally understand he had no recourse against his wife for a portion of the debt owed to his mother. Because he had relied upon his attorneys' representations to him that everything was proceeding normally up till that point, and he insists, he did not comprehend the legal effect of the deed of trust when it was brought to his attention in December, 2000, and he should not be imputed with knowledge of it. This position ignores the fact that plaintiff himself had actual knowledge of this document, having executed it in 1993.

The statute of limitations is tolled if an attorney fraudulently conceals facts from a client, but the statute is not tolled where the client is aware that the court has ruled against him on the issue. *Cherry*, 36 S.W.3d 86: "'[W]e do not believe that reliance upon erroneous legal advice can operate to toll the statute of limitations' inasmuch as the discovery rule relating to injury only applies to matters of fact unknown to a prospective plaintiff, not to matters of law. *Id. Quoting Spar Gas, Inc. V. McCune*, 908 S.W.2d 400, 404 (Tenn. Ct. App. 1995).

In the *Carvell* case, this Court implied that a client could not be deemed to have the knowledge of a legal injury until he had been so advised by another professional. However, the Supreme Court rejected this as a standard for discovery of a cause of action for professional misconduct noting:

> [I]t is not required that the plaintiff actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he had a right of action, the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he had suffered an injury as a result of a wrongful conduct.

*Carvell*, 900 S.W.2d, 23, 28 (Tenn. 1995). *Quoting Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994). Moreover, a plaintiff may not wait until he knows of all the injurious effects or consequences of an actionable wrong before taking action. *Security Bank & Trust Co.,* 673 S.W.2d at 864-65.[3] It is not necessary that the injury become irremedial for purposes of the limitations period; rather it must be a "legally cognizable" or "actual" injury. *Carvell,* 900 S.W.2d at 29-30; *Bradson Mercantile, Inc., v. Crabtree*, 1 S.W.3d 648, 653 (Tenn. Ct. App. 1999). Actual injury is said to exist when the plaintiff is forced to take some action or otherwise suffer "some actual inconvenience" such as incurring an expense, as a result of a negligent or wrongful act, *John Kohl & P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 531 (Tenn. 1998), or has suffered the loss of a right, remedy, or interest, or the imposition of a liability. *Cherry*, at 84. In litigation, the most easily identifiable time when this occurs is the entry of an adverse judgment. *Id.* In the case at bar, the final divorce decree was entered on February 7, 2000. Plaintiff's Motion to Alter or Amend the Judgment was denied by Order entered July 19, 2000.

---

[3]Plaintiff's discontent focused on the fact that attorney Cunningham was unprepared to impeach plaintiff's wife with the deed of trust at trial, and that she received the property free and clear without sharing any responsibility for the debt.

Since *Carvell*, Tennessee has consistently rejected the argument that an appeal tolls the running of the statute in all cases. *See Cherry v. Williams*, 36 S.W.3d 78 (Tenn.Ct. App. 2000) (statute of limitations not delayed despite court of appeals' affirming trial court award of damages and increasing the award of punitive damages.); *Bradson v. Mercantile, Inc., v. Crabtree*, 1 S.W.3rd 648 (Tenn. Ct. App. 1999); *Wilkins v. Dodson, Parker, Shipley, Behm & Seaborg,* 995 S.W.2d 575 (Tenn. Ct. App. 1998).

The reason for the rule is self-evident. If a legal injury has occurred, whether or not it is corrected later at the appellate level does not erase the fact that the injury had occurred in the first place. The standard for accrual of the cause of action is "legally cognizable" not "final disposition". Indeed, the Supreme Court has held that the legal error by a trial court which delays the final disposition of a lawsuit, even though the error is eventually corrected, will not toll the running of the statute of limitations where the elements for malpractice are present. *Chambers v. Dillow*, 713 S.W.2d 896, 898 (Tenn. 1986). The discovery rule refers to matters of fact, not to matters of law. *Spar Gas, Inc.* Giving the plaintiff the benefit of the doubt that he has sustained a legal injury, he "learned" about the deed of trust in December 2000, and he realized that his wife had testified falsely about the indebtedness. Moreover, he had actual knowledge about the document from its execution, but had "forgotten about it". There is no basis in law or fact in this record to toll the filing of a malpractice action for two years after the divorce judgment had been finally entered. We conclude that the statute of limitations ran as to all defendants prior to the filing of this action as found by the Trial Court.

We affirm the Judgment of the Trial Court on this issue, and pretermit the other issues raised on appeal.

The cost of the appeal is assessed to Leonard Hartman.

_____
HERSCHEL PICKENS FRANKS, P.J.