**Leonard HARTMAN**

v.

**Clarence Everett "Bud" CUNNINGHAM, et al.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Sept. 18, 2006 Session.

Oct. 31, 2006.

Permission to Appeal Denied by Supreme Court Feb. 26, 2007.

David B. Hamilton and Christopher E. Rowe, Knoxville, Tennessee for the Appellant, Leonard Hartman.

C. Dwaine Evans, Morristown, Tennessee for the Appellee, Clarence Everette "Bud" Cunningham.

Gene P. Gaby, Greeneville, Tennessee for the Appellee, Thomas L. Kilday.

## OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, Jr., J., joined.

Leonard Hartman ("Plaintiff") sued his previous attorney Clarence Everett "Bud" Cunningham ("Defendant Cunningham") and Attorney Thomas L. Kilday ("Defendant Kilday") regarding an affidavit obtained by Defendant Kilday from Defendant Cunningham in another case. Both defendants filed motions for summary judgment, which the Trial Court granted finding and holding, *inter alia*, that the affidavit given by Defendant Cunningham ("the Affidavit") does not contain privileged information; even if the Affidavit did contain privileged information, the communication was permissible pursuant to Tenn. Sup.Ct. R. 8, RPC 1.6(b); and that Tenn. Code Ann. § 23–3–105 does not provide Plaintiff a private right of action. Plaintiff appeals to this Court. We affirm.

### Background

Defendant Cunningham was the third of at least nine attorneys who successively represented Plaintiff during Plaintiff's divorce action. Defendant Cunningham represented Plaintiff at Plaintiff's divorce trial. In *Hartman v. Rogers,* Plaintiff sued the fourth, fifth, and sixth attorneys who represented him during his divorce. *Hartman v. Rogers,* 174 S.W.3d 170 (Tenn.Ct. App.2005).[1] In his complaint in *Hartman*

*v. Rogers,* Plaintiff alleged, in relevant part:

6. The trial of the aforementioned divorce was handled by [Defendant Cunningham], attorney, Morristown, Tenn.

7. On information and belief, the trial attorney was not properly prepared to impeach the Plaintiff's former wife when she lied concerning issues surrounding a debt to the Plaintiff's mother in the amount of $127,000.00.

\* \* \*

24. Defendant Rogers committed malpractice by breaching the standard of care of a legal professional in the State of Tennessee by failing to inform the plaintiff of potential causes of action that could have been asserted against [Defendant Cunningham].

Defendant Cunningham gave an affidavit in *Hartman v. Rogers* that stated, in pertinent part:

2. I was the third (of eight) attorney (sic) to represent Leonard Hartman in his divorce action which was tried to Chancellor Thomas R. Frierson II(sic) on January 21, 2000. . . .

\* \* \*

4. It was my opinion that the Chancellor's ruling insofar as the assessment of alimony and division of assets and liabilities was supported by the evidence and understandable in view of the overall marital history and circumstances of Mr. Hartman and his wife, which included that Mr. Hartman had married his much younger wife when she was age 15 whereafter she dropped out of high school without obtaining a diploma and bore three children to him during their 30 year marriage which broke up due to Mr. Hartman's adultery which went unabated even after the parties had held

1. This Court affirmed the Trial Court's grant of summary judgment to the attorney defendants in *Hartman v. Rogers* based upon the running of the statute of limitations. *Hartman v. Rogers,* 174 S.W.3d 170 (Tenn.Ct.App. 2005).

their divorce action in abeyance by an Order of Reconciliation to attempt to reconcile their differences. The parties' substantial assets and Mr. Hartman's substantial income when contrasted with his wife's limited income and earning capacity were also factors which undoubtedly influenced the Chancellor's decision.

5. At no time before, during, or after my representation of Mr. Hartman did he complain to me or object to any aspect of my representation of him.

6. I have been provided with and reviewed a Deed of Trust dated April 28, 1993 from Leonard and Sharon Hartman securing a $86,000 debt to Mr. Hartman's mother, Allene Hartman. [Attached as *Exhibit 3*]. Prior to and during the trial of Mr. Hartman's divorce case and during my entire representation of him I was not aware of the existence of this Deed of Trust or any other instrument or documentary evidence supporting his claim that a marital debt was owed to his mother. Mr. Hartman never advised me of the existence of this document. Notwithstanding this, the introduction of this Deed of Trust could not have benefitted Mr. Hartman had it been introduced into evidence and would have likely been injurious to Mr. Hartman for this reason: It was Mr. Hartman's position that he and his wife owed a marital debt to his mother of $127,000. The Chancellor sustained Mr. Hartman's position in this respect upon making the finding that such a marital debt in the amount of $127,000 existed (although ordering Mr. Hartman to pay it). As such, Mr. Hartman was given credit by the Chancellor with having to pay a $127,000 debt to his mother in the Chancellor's overall distribution of the parties' assets and liabilities. Had the Deed of Trust been introduced, which would have shown that the debt (even in 1993) was only $86,000

instead of $127,000, it is likely that the Chancellor would have adjusted his distribution of the parties' assets and debts thereby resulting in a net loss to Mr. Hartman in the amount of the difference, $41,000.

Plaintiff has now sued Defendant Cunningham and Defendant Kilday regarding the Affidavit. Defendant Kilday represented the attorney defendants in *Hartman v. Rogers. Hartman,* 174 S.W.3d at 170. Plaintiff claims in this suit that Defendant Cunningham breached his duty to Plaintiff, Defendant Cunningham's former client, by giving the Affidavit, and that Defendant Kilday is liable for obtaining the Affidavit from Defendant Cunningham. Both Defendant Cunningham and Defendant Kilday filed motions for summary judgment, which the Trial Court granted by order entered October 17, 2005. In its October 17, 2005 order, the Trial Court found and held, *inter alia:*

(1) The affidavit of C.E. Bud Cunningham does not disclose any privileged or confidential communication prohibited by TCA § 23–3–105;

(2) Even if the affidavit of C.E. Bud Cunningham contained privileged or confidential communication as provided for by TCA § 23–3–105 such communication was permissible pursuant to Supreme Court Rule 8 RPC 1.6(b);

(3) TCA § 23–3–105 does not afford a right of action of the plaintiff against the defendants;

(4) The defendants have an absolute privilege in procuring, giving and filing the affidavit of Mr. Cunningham in the underlying action which is an absolute bar prohibiting the plaintiff's action against them.

Plaintiff appeals to this Court.

### Discussion

Plaintiff raises four issue on appeal, which we quote:

■ Whether the Trial Court erred in granting Defendant/Appellees' Motion for Summary Judgment when the unauthorized disclosure of a privileged communication by Appellee Cunningham resulted in damages to the Appellant and created a genuine issue of material fact.

■ Whether the Trial Court erred in finding that the disclosure of privileged communications by Appellee Cunningham was immune because made in connection with a judicial proceeding, although a voluntary act.

■ Whether the Trial Court erred in making no finding as to the existence of cause of action for breach of a duty confidentiality or inducement to breach a duty of confidentiality under Tennessee law.

■ Whether the Trial Court erred in granting Appellee Kilday's Rule 56 Motion for Summary Judgment.

The dispositive issue in this appeal is whether the Trial Court erred in granting summary judgment.

In *Blair v. West Town Mall*, our Supreme Court reiterated the standards applicable when appellate courts are reviewing a motion for summary judgment. *Blair v. West Town Mall*, 130 S.W.3d 761 (Tenn.2004). In *Blair*, the Court stated:

The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *See Staples v. CBL & Assoc., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Hunter v. Brown*, 955 S.W.2d 49, 50–51 (Tenn.1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: 1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and 2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Staples*, 15 S.W.3d at 88.

\* \* \*

When the party seeking summary judgment makes a properly supported motion, the burden shifts to the non-moving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

*Blair*, 130 S.W.3d at 763, 767 (quoting *Staples*, 15 S.W.3d at 88–89) (citations omitted)).

Our Supreme Court has also provided instruction regarding assessing the evidence when dealing with a motion for summary judgment stating:

The standards governing the assessment of evidence in the summary judgment context are also well established.

Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall,* 847 S.W.2d at 210–11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn.1995).

*Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn.2000).

Tennessee Code Annotated § 23–3–105 provides:

> **23–3–105. Privileged communications.**—No attorney, solicitor or counselor shall be permitted, in giving testimony against a client, or person who consulted the attorney, solicitor or counselor professionally, to disclose any communication made to the attorney, solicitor or counselor as such by such person, during the pendency of the suit, before or afterwards, to the person's injury.

Tenn.Code Ann. § 23–3–105 (1994).

As pertinent to this appeal, Tenn. Sup. Ct. R. 8, RPC 1.6 provides:

> (b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes disclosure is necessary:
>
> * * *
>
> (3) To establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in

> any proceeding concerning the lawyer's representation of the client.

Tenn. Sup.Ct. R. 8, RPC 1.6(b).

■ In his complaint in *Hartman v. Rogers,* Plaintiff alleged that Defendant Cunningham "was not properly prepared to impeach the Plaintiff's former wife ..." during the divorce trial and asserted that Plaintiff had potential causes of action against Defendant Cunningham. Clearly, Plaintiff was making the allegation that Defendant Cunningham committed malpractice in his representation of Plaintiff.

In his brief on appeal, Plaintiff argues, in part, that:

> the statements made in the underlying Complaint regarding Appellee Cunningham's malpractice were not the subject of the Complaint but only provided background to the allegations being made against the defendants in that case. Appellee Cunningham's conduct is referenced in only four out of twenty eight (sic) paragraphs in Appellants (sic) Complaint in the underlying record....These references are tangential to the substance of the claims against the Defendants in that suit which did not include Appellee Cunningham.

We find this argument to be without merit. Nowhere within Tenn. Sup.Ct. R. 8, RPC 1.6(b) is there a requirement that the allegations must be primary to the proceeding in which they are made. Rather, Tenn. Sup.Ct. R. 8, RPC 1.6(b) provides that a lawyer may reveal information "to respond to allegations in any proceeding concerning the lawyer's representation of the client." Tenn. Sup.Ct. R. 8, RPC 1.6(b). The allegations of malpractice regarding Defendant Cunningham's representation of Plaintiff were made in a proceeding and it is immaterial whether these allegations were made within four paragraphs, twenty-eight paragraphs, or only one sentence. The important point, and as

required by the Rule itself, is that the allegations were made in a proceeding and the allegations concerned Defendant Cunningham's representation of Plaintiff.

It also is immaterial whether Defendant Cunningham was named as a defendant in *Hartman v. Rogers*. Under Tenn. Sup.Ct. R. 8, RPC 1.6(b), an attorney not only has the right to disclose information "[t]o establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, [or] to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved...," but also "to respond to allegations in any proceeding concerning the lawyer's representation of the client." Tenn. Sup.Ct. R. 8, RPC 1.6(b). Thus, Tenn. Sup.Ct. R. 8, RPC 1.6(b) consists of three separate possibilities, which are delineated as grammatical clauses joined with the word 'or,' not the word 'and.' For this Rule to be applicable, it is necessary only to fall within any one of these possible scenarios, one of which is "to respond to allegations *in any proceeding* concerning the lawyer's representation of the client." Tenn. Sup.Ct. R. 8, RPC 1.6(b) (emphasis added). Therefore, it is immaterial whether Defendant Cunningham was a named defendant in *Hartman v. Rogers*.

■ Plaintiff's brief on appeal also argues that the evidence preponderates against the Trial Court's finding that Defendant Cunningham reasonably believed that disclosure was necessary. As pertinent to this appeal, Tenn. Sup.Ct. R. 8, RPC 1.0 provides:

(j) "Reasonable," "Reasonably," or "Reasonableness" when used in relation to conduct by a lawyer denotes the conduct of a reasonably prudent and competent lawyer.

(k) "Reasonable Belief" or "Reasonably Believes" when used in reference to a lawyer denotes that the lawyer believes the matter in question and that the circumstances are such that the belief is reasonable.

Tenn. Sup.Ct. R. 8, RPC 1.0.

Plaintiff argues that the disclosure was not reasonable because Defendant Cunningham was not a party to *Hartman v. Rogers*, and, therefore, had no stake in the outcome of that case; because Plaintiff had not filed a complaint against Defendant Cunningham with the Tennessee Board of Professional Responsibility; and because the Affidavit contained information that was unnecessarily prejudicial to Plaintiff. Whether Defendant Cunningham was a party to *Hartman v. Rogers* is immaterial as discussed above. For the same reason, the fact that Plaintiff had not filed a complaint against Defendant Cunningham with the Tennessee Board of Professional Responsibility also is immaterial. As fully discussed above, Defendant Cunningham had the right under Tenn. Sup.Ct. R. 8, RPC 1.6(b) to respond to the serious allegations made against him concerning his professional performance. Any reasonably prudent and competent lawyer in protection of his professional reputation would respond to allegations made in a proceeding that the lawyer had committed malpractice. Under such circumstances, a belief that disclosure is necessary to respond to the allegations is reasonable. Additionally, the statements in the Affidavit that Plaintiff claims were unnecessarily prejudicial to him are the statements that Defendant Cunningham was the third of eight attorneys to represent Plaintiff during his divorce and that Plaintiff's adultery "went unabated" despite an attempt at reconciliation. These statements, however, do not constitute privileged communications between Plaintiff and his attorney because these statements are statements of fact that were already public record prior to

the filing of the Affidavit. *See Hartman v. Hartman,* No. E2000–1927–COA–R3–CV, 2001 Tenn.App. LEXIS 511, at **5–6, 2001 WL 823188, at *2 (Tenn.Ct.App. July 20, 2001) (stating: "[Mr. Hartman's] adultery precipitated [Ms. Hartman's] filing for divorce. The parties attempted reconciliation but failed because, according to [Ms. Hartman], [Mr. Hartman] would not stop seeing his paramour. [Mr. Hartman] denied this was the reason the reconciliation attempt failed."), *no appl. perm. appeal filed.*

Taking the evidence in the light most favorable to Plaintiff, the nonmoving party, and drawing all reasonable inferences in Plaintiff's favor, as we must, we find and hold that Defendant Cunningham reasonably believed that disclosure was necessary to defend against Plaintiff's allegations that Defendant Cunningham had committed malpractice in his representation of Plaintiff.

Even if the information in the Affidavit is privileged, we hold that Defendant Cunningham was free to disclose it "to respond to allegations in any proceeding concerning the lawyer's representation of the client." Tenn. Sup.Ct. R. 8, RPC 1.6(b). Defendant Cunningham had the right under Tenn. Sup.Ct. R. 8, RPC 1.6(b) to respond to those allegations of malpractice that related to his representation of Plaintiff. To hold otherwise would render an attorney helpless to defend against serious allegations of malpractice. Movants conclusively established an affirmative defense, and Plaintiff then failed to meet his burden to set forth specific facts establishing the existence of any disputed, material facts to be resolved by the trier of fact.

As there are no genuine issues of material fact and Defendant Cunningham had the right under Tenn. Sup.Ct. R. 8, RPC 1.6(b) to respond to Plaintiff's allegations that Defendant Cunningham committed malpractice in his representation of Plaintiff, the grant of summary judgment was proper and is affirmed. Our holding pretermits the necessity of considering the other issues raised.

### *Conclusion*

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Leonard Hartman, and his surety.