# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 17, 2015 Session

## SPYDELL DAVIDSON v. NADER BAYDOUN, ET AL.

### Appeal from the Circuit Court for Davidson County
### No. 11C2810      Ben H. Cantrell, Judge

_____

### No. M2014-01486-COA-R3-CV – Filed May 29, 2015

_____

This is Plaintiff's second appeal of the dismissal of his legal malpractice claim. The first appeal arose from the grant of a motion to dismiss under Tenn. R. Civ. P. 12.02(6) wherein the trial court concluded that Plaintiff's cause of action accrued more than one year before the complaint was filed and was time barred. Based solely on a review of the allegations in the complaint, we concluded that the action was not time barred. *See Davidson v. Baydoun*, No. M2008-02746-COA-R3-CV, 2009 WL 2365563 (Tenn. Ct. App. July 31, 2009). On remand, the parties engaged in discovery, which revealed that Plaintiff knew he had been injured by Defendants' alleged negligence more than one year before the commencement of this action. Defendants then filed a Tenn. R. Civ. P. 56.02 motion for summary judgment, which was properly supported by a statement of undisputed facts, contending they were entitled to judgment as a matter of law because Plaintiff's claim was barred by the statute of limitations. The trial court summarily dismissed the complaint finding it was undisputed that Plaintiff knew he had suffered an injury because of Defendants' alleged negligence more than one year before the commencement of this action. The trial court also granted Defendants' motion for discretionary costs. On appeal, Plaintiff argues that the trial court erred by granting Defendants' motion for summary judgment and by awarding Defendants discretionary costs. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Beau E. Pemberton, Dresden, Tennessee, for the appellant, Spydell Davidson.

Darrell G. Townsend, Nashville, Tennessee, for the appellees, Nader Baydoun and Baydoun & Knight, PLLC.

## OPINION

From August 2005 to August 2007, Nader Baydoun and the firm of Baydoun & Knight, PLLC, ("Defendants") represented Spydell Davidson ("Plaintiff") in a lawsuit filed against him by Mid-South Industries, Inc. ("Mid-South"). Over the course of the Mid-South litigation, Plaintiff became dissatisfied with Defendants' performance, in part because Defendants, over the objection of Plaintiff, did not pursue a claim of fraud against Mid-South. The case was tried on June 19 through 21, 2007, the trial court made a ruling from the bench on June 21, and the final order was entered on August 23, 2007. Although the trial court's final order resulted in an award in Plaintiff's favor, the judgment was less than Plaintiff believed he was entitled to recover.

On August 12, 2008, Plaintiff commenced this legal malpractice action against Defendants alleging that Defendants negligently failed to present evidence of additional grounds for Plaintiff's recovery, specifically including a claim of fraud, and that Defendants' conduct deprived him of the ability to recover additional damages.[1]

Defendants filed a motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure arguing that Plaintiff's claim was barred by the statute of limitations. The trial court granted Defendants' motion. Plaintiff appealed, and this court reversed. *See Davidson v. Baydoun*, No. M2008-02746-COA-R3-CV, 2009 WL 2365563 (Tenn. Ct. App. July 31, 2009) ("*Davidson I*"). In *Davidson I*, we were careful to consider only the complaint itself as required when reviewing a motion to dismiss under Rule 12.02(6). *Id.* at \*3; *see Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) ("The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone."). We stated:

> This case was dismissed upon a Tenn. R. Civ. P. 12.02(6) motion to dismiss; therefore, *we will limit our analysis to the relevant facts asserted in [Plaintiff's] Complaint*, presume the alleged facts to be true and give [Plaintiff] the benefit of all reasonable inferences to be drawn from those factual allegations.

*Davidson*, 2009 WL 2365563, at \*3 (internal citations omitted) (emphasis added).

Based solely upon our analysis of the facts asserted in the complaint, we concluded that Plaintiff's cause of action did not accrue more than a year prior to the

---

[1]Initially, Plaintiff sued only Nader Baydoun individually. Baydoun & Knight, PLLC did not become a party to this malpractice action until July 20, 2011. While these defendants are distinct entities, this distinction is not material to our decision; therefore, we will not distinguish between them unless necessary for clarity.

commencement of the action, reversed the trial court's order dismissing the complaint, and remanded the case for further proceedings. *Id.* at *5-7.

On remand, Plaintiff voluntarily dismissed his complaint on July 26, 2010, and filed the present action on July 20, 2011. Thereafter, the parties engaged in discovery, which revealed that Plaintiff knew as early as July 31, 2007 that he had sustained an injury due to Defendants' alleged negligence because on that date Plaintiff sent Defendants a letter stating that he would "expect all my losses from this unjust lawsuit to be paid by [Defendants and others]" if Defendants did not "present the truth . . . to the Court." When asked about this letter in his deposition, Plaintiff testified that he was telling Defendants that they had been negligent and that Plaintiff was going to hold them responsible. Plaintiff also testified that Defendants' failure to assert fraud claims at the beginning of the litigation prolonged the Mid-South litigation which cost him money. Plaintiff went on to testify that as of September 2006 he thought Defendants were "doing a horrible job" and costing him "a lot of money."

Based on this information, Defendants filed a motion for summary judgment contending that Plaintiff's claim was barred by the statute of limitations. Plaintiff opposed the motion for summary judgment; however, he did not contest the authenticity of his letters or deposition testimony or dispute the facts relied upon by Defendants in support of the motion. Thus, the facts relied upon by Defendants were undisputed. Instead, Plaintiff argued that our decision in *Davidson I* had established that his injury could not have occurred prior to August 23, 2007.

The trial court granted Defendants' motion because Plaintiff's letters and testimony demonstrated that he knew he had suffered an injury because of Defendants' alleged negligence by July 31, 2007. Defendants then filed a motion for discretionary costs under Tenn. R. Civ. P. 54.04, which the trial court granted.

On appeal, Plaintiff argues that the trial court erred when it granted Defendants' motion for summary judgment and when it awarded Defendants discretionary costs.[2]

## I. SUMMARY JUDGMENT

Unlike the first appeal, this appeal arises from the grant of summary judgment. Summary judgment is appropriate when a party establishes that there is no genuine issue as to any material fact and that a judgment may be rendered as a matter of law. Tenn. R. Civ. P. 56.04; *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). It is appropriate in virtually all civil cases that can be resolved on the basis of legal issues alone. *Byrd v.*

---

[2]Plaintiff raises several other issues; however, our conclusion that the trial court correctly determined that Plaintiff's suit was barred by the statute of limitations renders them moot.

*Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001).

"Defenses based on a statute of limitations are particularly amenable to summary judgment motions." *Cherry v. Williams*, 36 S.W.3d 78, 83 (Tenn. Ct. App. 2000). This is because the facts material to a statute of limitations defense are often not in dispute. *Id.*

An action for legal malpractice must be brought within one year from the date the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(2) (2008).[3] A cause of action for legal malpractice accrues and the statute of limitations begins to run when: (1) the defendants committed negligence; (2) the defendants' negligence causes the plaintiff to suffer a "legally cognizable" or actual injury; and (3) the plaintiff knows, or in the exercise of reasonable care and diligence should have known, that the injury was caused by the defendants' negligence. *Hartman v. Rogers*, 174 S.W.3d 170, 173 (Tenn. Ct. App. 2005) (citing *Carvell v. Bottoms*, 900 S.W.2d 23, 28, 30 (Tenn. 1995)). In a legal malpractice action, "the one-year statute of limitations starts to run when the client suffers a legally cognizable injury resulting from an attorney's negligence . . . and the client knows or should know the facts sufficient to give notice of that injury." *Cherry*, 36 S.W.3d at 83.

In contrast to *Davidson I*, when we were required to limit our review to the complaint and accept all its factual allegations as true, *see* Tenn. R. Civ. P. 12.02(6), the current appeal allows us to consider deposition testimony, answers to interrogatories, admissions, and documents obtained through discovery. *See* Tenn. R. Civ. P. 56.04. The information obtained during discovery, the material facts of which are undisputed, reveals that Plaintiff knew he had suffered an injury as early as July 31, 2007. This undisputed fact is evident from Plaintiff's letter of that date and his deposition testimony wherein he states that he knew Defendants' failure to "present the truth" was causing him to suffer "losses." Additionally, Plaintiff admitted that prior to sending the July 31, 2007 letter he believed Defendants' failure to confront other parties with evidence of fraud at the beginning of the Mid-South litigation cost him time and money.

Based on Plaintiff's letters and deposition testimony, it is undisputed that as early as July 31, 2007 Plaintiff was complaining that he was required to spend additional time and money due to Defendants' alleged negligence. While an actual injury occurs when there is a loss of a legal right or remedy, "[a]n actual injury may also take the form of the plaintiff being forced to take some action or otherwise suffer 'some actual

---

[3]The General Assembly amended this statute in 2014 by deleting subsection (a)(2) and replacing it with subsection (c). *See* 2014 Tenn. Pub. Acts 618, § 2. This amendment did not change the duration of the statute of limitations for legal malpractice actions, which remains one year. Tenn. Code Ann. § 28-3-104(c).

inconvenience,' such as incurring an expense, as the result of the defendant's negligent or wrongful act." *Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 541 (Tenn. Ct. App. 2012) (quoting *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998). Accordingly, as early as July 31, 2007, Plaintiff sustained a legally-cognizable injury for purposes of the accrual of his malpractice claim. *See John Kohl & Co.*, 977 S.W.2d at 532; *Cardiac Anesthesia Servs.*, 385 S.W.3d at 541. Therefore, Plaintiff's cause of action accrued and the statute of limitations began to run no later than July 31, 2007.

Plaintiff filed his complaint on August 12, 2008, which was more than one year after the statute of limitations began to run. Based on these undisputed facts, the trial court properly granted Defendants' motion for summary judgment.

## II. DISCRETIONARY COSTS

Plaintiff also argues that the trial court erred by awarding Defendants discretionary costs after he filed his notice of appeal. We find no merit to this argument.

Plaintiff erroneously contends that Tenn. R. Civ. P. 54.04 prohibits the award of discretionary costs until all appeals have been exhausted. To the contrary, the rule expressly authorizes a trial court to award discretionary costs while a case is on appeal. *See* Tenn. R. Civ. P. 54.04(2). The rule specifically states "[t]he trial court retains jurisdiction over a motion for discretionary costs even though a party has filed a notice of appeal." *Id.* If the party against whom discretionary costs are originally assessed prevails on appeal, it may request discretionary costs by filing a motion within 30 days of the filing of the appellate court's mandate. *Id.* Nothing in this rule prohibited the trial court from granting Defendants' motion after Plaintiff filed his notice of appeal.

Plaintiff also erroneously contends that Tenn. Code Ann. § 20-12-119(c)(3) prohibited the award of discretionary costs until all appeals have been exhausted. Subsection (c) of Tenn. Code Ann. § 20-12-119 applies when a trial court has dismissed a case for failure to state a claim on which relief can be granted pursuant to Tenn. R. Civ. P. 12. *See* Tenn. Code Ann. § 20-12-119(c). Plaintiff's claim was dismissed on a motion for summary judgment; therefore this statute is not applicable. Moreover, subsection (c), which was added to Tenn. Code Ann. § 20-12-119 in 2012, applies only to claims filed on or after July 1, 2012. *See* 2012 Tenn. Pub. Acts 1046, § 2. Plaintiff's complaint was filed in 2008, voluntarily dismissed on remand, and the present action was filed in 2011. Thus, Tenn. Code Ann. § 20-12-119, as amended in 2012, does not apply to this action.

A trial court's decision to award costs under Rule 54.04 is reviewed based on the abuse of discretion standard. *Woodlawn Mem'l Park, Inc. v. Keith*, 70 S.W.3d 691, 697-98 (Tenn. 2002). "An abuse of discretion occurs when the court either applies an incorrect legal standard or reaches a clearly unreasonable decision, thereby causing an

injustice to the aggrieved party." *Id.* at 698 (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). Defendants filed a timely and properly-supported motion for discretionary costs, and we find no error with the decision to award Defendants their discretionary costs. Therefore, we affirm the award of discretionary costs.

**IN CONCLUSION**

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Plaintiff, Spydell Davidson.

_____
FRANK G. CLEMENT, JR., JUDGE