# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

EL-SHABAZZ RAYFORD
a/k/a ROBERT RAYFORD,

    Plaintiff/Appellant,

VS.

STEPHEN LEFFLER,

    Defendant/Appellee.

)
)
)
)
) Shelby Circuit No. 73769 T.D.
)
) Appeal No. 02A01-9607-CV-00162
)
)
)
)
)

FILED

March 31, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE
THE HONORABLE D'ARMY BAILEY, JUDGE

**EL-SHABAZZ RAYFORD, pro se**
Henning, Tennessee

**SUSAN M. CLARK**
**BURCH, PORTER & JOHNSON**
Memphis, Tennessee
Attorney for Appellee

**AFFIRMED**

                    **ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**

In this legal malpractice action, El Shabazz Rayford ("the Plaintiff") filed suit against

Stephen Leffler ("the Defendant") for misrepresenting the claims of the Plaintiff in a habeas corpus proceeding. The trial court granted the Defendant's motion to dismiss, holding that the Plaintiff's action is barred by the applicable one-year statute of limitations. The Plaintiff has appealed the judgment of the trial court, arguing that the statute of limitations does not bar his cause of action. For the reasons stated hereafter, we affirm the judgment of the trial court.

**FACTS**

While serving a life sentence after a conviction entered in 1985 for aggravated rape, the Plaintiff filed a pro se application for writ of habeas corpus in the United States District Court for the Western District of Tennessee in August 1989. During the cross-examination of Paulette Sutton, a state crime lab technician, Plaintiff discovered that the state possessed evidence of blood, semen and saliva collected from the rape victim that had not been disclosed to the Plaintiff during his criminal trial.

In December 1991, the district court denied Plaintiff's application for writ of habeas corpus. Plaintiff appealed the district court's denial of relief, and the Sixth Circuit Court of Appeals remanded Plaintiff's case on the ground that the district court failed to appoint counsel to represent the Plaintiff. Upon remand of Plaintiff's case, the district court appointed the Defendant to represent the Plaintiff.

During Plaintiff's habeas corpus proceeding, he requested that the Defendant move the court for permission to have testing performed on the newly discovered blood, semen and saliva found on the rape victim. On June 27, 1994, the Defendant filed a motion for order of comparison test with the district court. In his motion, Defendant requested that the district court issue an order requiring that a comparison test be performed on the Plaintiff's blood, semen, saliva, and any other appropriate tangible evidence collected from the victim that is in the possession, custody or control of the State.

2

Upon consideration of the motion for order of comparison test, the district court requested that the Defendant submit a memorandum of law citing the legal authorities that would provide the court with the authority to order the requested testing. On July 22, 1994, the Defendant filed his memorandum of law in support of the motion for comparison testing as requested by the court. In his memorandum, the Defendant contended that the district court should order the requested scientific testing because such tests would support the Plaintiff's contentions of innocence. Although the Defendant did not cite any constitutional violations made by the state court in its conviction of the Plaintiff, the Defendant stated in his memorandum as follows:

> [p]etitioner admits that the failure of his trial counsel to have scientific tests performed on those samples and on samples obtained from the petitioner was a tactical decision which is not properly an issue of this petition.

On August 15, 1994, the district court entered an order denying Plaintiff's motion for a scientific comparison test. In its order, the district court indicated that its denial of the Plaintiff's motion was based, in part, on the Plaintiff's admission that his trial counsel had made a tactical decision not to have tests performed on the samples. On August 19, 1994, the Plaintiff filed a pro se motion for reconsideration of the court's order denying Plaintiff's request for comparison testing. On September 14, 1994, the district court entered an order denying Plaintiff's pro se motion for reconsideration of the order denying scientific comparison testing.

On November 2, 1995, the Plaintiff filed the instant action. Plaintiff bases this action on material misrepresentations made by the Defendant to the district court in his memorandum of law supporting the motion for order of comparison testing. Specifically, Plaintiff contends that the Defendant's statement in his memoranda that Plaintiff's trial counsel made a tactical decision in deciding not to have scientific tests performed on the blood, semen and saliva collected from the rape victim was in error. Plaintiff asserts that neither he nor his trial counsel were aware that such samples existed. Plaintiff further contends that as a result of the Defendant's misrepresentation, the Plaintiff was deprived of allegedly crucial evidence at his hearing on November 22, 1994, which resulted in the

district court denying Plaintiff's application for habeas corpus on January 10, 1995.

The Defendant filed a motion to dismiss the action arguing that the Plaintiff's action is barred by the applicable one-year statute of limitations. Treating Defendant's motion to dismiss as a motion for summary judgment, the trial court granted the Defendant's motion holding that the present action is barred by the one-year statute of limitations.

## LAW

The one issue before this Court is whether the trial court erred in granting the Defendant's motion to dismiss based upon the one-year statute of limitations contained in T.C.A. § 28-3-104 (1980).

The standards governing our review of a trial court's action on a motion to dismiss or for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 12 and 56 have been met. Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995); Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn. 1991); Foley v. St. Thomas Hosp., 906 S.W.2d 448, 452 (Tenn. Ct. App. 1995); Brenner v. Textron Aerostructures, A Division of Textron, Inc., 874 S.W.2d 579, 582 (Tenn. Ct. App. 1993). Tenn. R. Civ. P. 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue of material fact relevant to the claim or defense contained in the motion, Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. Carvell, 900 S.W.2d at 26; Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that the motion satisfies these requirements. Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn. 1991).

While the summary judgment procedure is not a substitute for trial, it goes to the

4

merits of the complaint and should not be taken lightly. Byrd, 847 S.W.2d at 210; Jones v. Home Indem. Ins. Co., 651 S.W.2d 213, 214 (Tenn. 1983); Fowler v. Happy Goodman Family, 575 S.W.2d 496, 498 (Tenn. 1978); Foley, 906 S.W.2d at 452. It has been repeatedly stated by the appellate courts of this state that the purpose of a summary judgment proceeding is not the finding of facts, the resolution of disputed factual issues or the determination of conflicting inferences reasonably to be drawn from the facts. Bellamy v. Federal Express Corp., 749 S.W.2d 31, 33 (Tenn. 1988). Rather, the purpose of summary judgment is to resolve controlling issues of law. Id.

In evaluating the propriety of a motion for summary judgment, we view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Byrd, 847 S.W.2d at 210-11. A motion for summary judgment should only be granted when both the facts and the conclusions drawn from the facts permit a reasonable person to reach only one conclusion. Id.

In a malpractice action, the plaintiff has the burden of proving:

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which he practices or in a similar community at the time the alleged injury or wrongful action occurred;
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

T.C.A. § 29-26-115 (1980).

As set forth in T.C.A. §28-3-104 (1980) and T.C.A. §29-26-116(a)(1) (1980), the statute of limitations for malpractice actions is one year. However, in the event that the alleged injury is not discovered within the stated one-year period, the limitations period is one year from the date from which the plaintiff discovers his or her injury. T.C.A. §29-26-116(a)(1) (1980). The determination of when a legal malpractice cause of action accrues for statute of limitations purposes is, therefore, governed by a specific formulation of the "discovery rule" applicable to such actions. Carvell, 900 S.W.2d at 26.

5

In legal malpractice cases, the discovery rule is composed of two distinct elements: (1) the plaintiff must suffer an injury as a result of the defendant's negligence; and (2) the plaintiff must have known or in the exercise of reasonable diligence should have known that this injury was caused by the defendant's negligence. Carvell, 900 S.W.2d at 28; See also, Chambers v. Dillow, 713 S.W.2d 896 (Tenn. 1986); Security Bank & Trust Co. v. Fabricating, Inc., 673 S.W.2d 860 (Tenn. 1983); Ameraccount Club, Inc. v. Hill, 617 S.W.2d 876 (Tenn. 1981); Caledonia Leasing & Equip. Co. v. Armstrong, Allen, Braden, Goodman, McBride & Prewitt, 865 S.W.2d 10, 13 (Tenn. Ct. App. 1992); Batchelor v. Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, 828 S.W.2d 388, 393 (Tenn. Ct. App. 1991).

In the present case, the Plaintiff knew that he had been harmed by the Defendant's alleged negligent action on August 15, 1994 when the district court denied Plaintiff's motion for comparison testing. At this point, Plaintiff knew that he would not have the opportunity at his habeas corpus proceeding to introduce as evidence the results of the testing on the newly discovered blood, semen and saliva which were found on the victim. At the latest, Plaintiff's cause of action for legal malpractice accrued on September 14, 1994, when the district court denied Plaintiff's pro se motion for reconsideration of the order denying comparison testing.

Although Plaintiff contends that he was not injured by the alleged negligence of the Defendant until January 10, 1995 when the district court ultimately denied Plaintiff's petition for habeas corpus, we disagree with Plaintiff's contention. Where some injury has occurred and is known to the plaintiff, the fact that the plaintiff is not fully aware of the entire nature and extent of the injury will not toll the statute of limitations. Woods & Woods v. Lewis, 902 S.W.2d 914, 916-17; (Tenn. Ct. App. 1994); Batchelor v. Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, 828 S.W.2d 388 (Tenn. Ct. App. 1991). A "plaintiff cannot be permitted to wait until he knows all of the injurious effects as consequences of an actionable wrong" before his cause of action accrues. Chambers, 713 S.W.2d at 898; Security Bank & Trust Co. v. Fabricating, Inc., 673 S.W.2d 860 (Tenn. 1983); Taylor v.

<u>Clayton Mobile Homes, Inc.</u>, 516 S.W.2d 72 (Tenn. 1974).

Thus, because Plaintiff's cause of action accrued on August 15, 1994 when the district court denied Plaintiff's motion for comparison testing or, at the latest, on September 14, 1994 when the district court denied Plaintiff's pro se motion for reconsideration of the order denying comparison testing, Plaintiff's action is barred by the applicable one-year statute of limitations.

The judgment of the trial court is hereby affirmed. Costs on appeal are taxed to the Plaintiff for which execution may issue if necessary.

_____
HIGHERS, J.

_____
CRAWFORD, P.J., W.S.

_____
FARMER, J.