IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 6, 2010 Session

# DAVID A. LUFKIN, SR. v. CHRISTOPHER W. CONNER

**Appeal from the Circuit Court for Knox County**
**No. 1-2-09     Dale C. Workman, Judge**

_____

**No. E2009-01823-COA-R3-CV  - FILED SEPTEMBER 28, 2010**
_____

David A. Lufkin, Sr. ("Lufkin") sued attorney Christopher W. Conner ("Conner") for legal malpractice in January of 2009.  Conner filed a motion for summary judgment.  After a hearing, the Trial Court entered an order finding and holding, *inter alia*, that Lufkin knew or reasonably should have known of the existence of the facts forming this cause of action by September of 2007, and that Lufkin's complaint filed in January of 2009 was barred by the applicable statute of limitations.  Lufkin appeals to this Court.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Thomas F. Mabry, Seymour, Tennessee, for the appellant, David A. Lufkin, Sr.

William S. Walton, Nashville, Tennessee, for the appellee, Christopher W. Conner.

**OPINION**

## Background

In 1996, Lufkin[1] was sued by a former client, Assetcare, Inc., in the Chancery Court for Sullivan County, Tennessee.[2] Conner, an attorney with Lufkin's law firm, represented Lufkin during the trial of the Assetcare, Inc. matter in 1999. At the trial, Lufkin testified and during his testimony information came to light suggesting possible improprieties by Lufkin. During a break in the trial, the parties reached an agreement to resolve the case with entry of a judgment against Lufkin in the amount of $165,000. After the trial, Lufkin hired attorney James A.H. Bell as criminal defense counsel.

In January of 2003, a Presentment was returned against Lufkin by a Knox County Grand Jury. Conner was listed as a witness on the Presentment. Attorney Bell represented Lufkin in the Criminal Court for Knox County. On September 25, 2007, Attorney Bell filed a Motion to Dismiss and/or Motion to Suppress Any and All Evidence ("Motion to Suppress"), which alleged that Conner "is still attorney of record for David A. Lufkin in the Assetcare case and has never entered an order withdrawing his name as counsel for Mr. Lufkin." The Motion to Suppress further alleged that Conner had been interviewed by law enforcement agents on at least two occasions, that Conner's statements had been provided to Attorney Bell, and that during those interviews Conner had "provided substantial information against his very own client, … David A. Lufkin, which has resulted in production of evidence against Mr. Lufkin in all of the remaining counts of the presentment." After a hearing on the Motion to Suppress, Judge Scott entered an order dismissing the remaining counts of the Presentment[3] and stating: "The Court can only surmise from the record that Mr. Conner testified and/or provided substantial information to the authorities in an effort to cooperate against his very own client, albeit in deprivation of the attorney/client privilege." Conner was not a party to, and did not testify in, the case against Lufkin in the Criminal Court.

Lufkin filed the instant suit against Conner on January 5, 2009. Lufkin filed a motion for partial summary judgment as to liability, which the Trial Court denied.

---

[1]Lufkin is an attorney. At the time of the writing of this Opinion, Lufkin's license to practice law had been suspended by the Tennessee Supreme Court.

[2]Lufkin's law firm at that time, David A. Lufkin, P.C. d/b/a the Law Offices of Lufkin & Henley was also named as a defendant in that suit. For ease of reading only we refer in this Opinion to Lufkin as the only defendant in the Assetcare, Inc. lawsuit.

[3]As best we can tell from the record before us, one of the counts in the Presentment had been dismissed with prejudice prior to the filing of the Motion to Suppress.

Conner filed a motion for summary judgment. After a hearing on Conner's motion for summary judgment, the Trial Court entered its order on June 22, 2009 finding and holding, *inter alia*, that Lufkin knew or reasonably should have known of the existence of facts forming this cause of action against Conner on September 25, 2007 when the Motion to Suppress was filed, and, therefore, Lufkin's complaint filed in January of 2009 was untimely and barred by the statute of limitations. Lufkin filed a motion to alter or amend and a motion to make additional findings of fact, which the Trial Court denied. Lufkin appeals to this Court.

## **Discussion**

Although not stated exactly as such, Lufkin raises two issues on appeal: 1) whether the Trial Court erred in granting summary judgment to Conner; and, 2) whether the Trial Court erred in failing to grant Lufkin's motion for partial summary judgment.

Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

> The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

> A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established

in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

We first address whether the Trial Court erred in granting summary judgment to Conner. The Trial Court found and held that Lufkin knew or reasonably should have known of the existence of facts forming this cause of action against Conner by September 25, 2007 when the Motion to Suppress was filed, and, therefore, Lufkin's complaint filed in January of 2009 was untimely and barred by the statute of limitations

As our Supreme Court has instructed:

The statute of limitations for legal malpractice is one year from the time the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(2). When the cause of action accrues is determined by applying the discovery rule. Under this rule, a cause of action accrues when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant. *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998); *Stanbury v. Bacardi*, 953 S.W.2d 671, 677 (Tenn. 1997).

In legal malpractice cases, the discovery rule is composed of two distinct elements: (1) the plaintiff must suffer legally cognizable damage - an actual injury - as a result of the defendant's wrongful or negligent conduct, and (2) the plaintiff must have known or in the exercise of reasonable diligence should have known that this injury was caused by the defendant's wrongful or negligent conduct. *Carvell v. Bottoms*, 900 S.W.2d 23, 28-30 (Tenn. 1995).

-4-

An actual injury occurs when there is the loss of a legal right, remedy or interest, or the imposition of a liability. *See LaMure v. Peters*, 122 N.M. 367, 924 P.2d 1379, 1382 (1996). An actual injury may also take the form of the plaintiff being forced to take some action or otherwise suffer "some actual inconvenience," such as incurring an expense, as a result of the defendant's negligent or wrongful act. *See State v. McClellan*, 113 Tenn. 616, 85 S.W. 267, 270 (1905) ("[A negligent act] may not inflict any immediate wrong on an individual, but … his right to a remedy … will [not] commence until he has suffered some actual inconvenience …. It may be stated as an invariable rule that when the injury, however slight, is complete at the time of the act, the statutory period then commences, but, when the act is not legally injurious until certain consequences occur, the time commences to run from the consequential damage …."). However, the injury element is not met if it is contingent upon a third party's actions or amounts to a mere possibility. *See Caledonia Leasing v. Armstrong, Allen*, 865 S.W.2d 10, 17 (Tenn. App. 1992).

The knowledge component of the discovery rule may be established by evidence of actual or constructive knowledge of the injury. *Carvell*, 900 S.W.2d at 29. Accordingly, the statute of limitations begins to run when the plaintiff has actual knowledge of the injury as where, for example, the defendant admits to having committed malpractice or the plaintiff is informed by another attorney of the malpractice. Under the theory of constructive knowledge, however, the statute may begin to run at an earlier date - whenever the plaintiff becomes aware or reasonably should have become aware of facts sufficient to put a reasonable person on notice that an injury has been sustained as a result of the defendant's negligent or wrongful conduct. *Id*. We have stressed, however, that there is no requirement that the plaintiff actually know the specific type of legal claim he or she has, or that the injury constituted a breach of the appropriate legal standard. *Shadrick*, 963 S.W.2d at 733. Rather, "the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." *Carvell*, 900 S.W.2d at 29 (quoting *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994)). "It is knowledge of facts sufficient to put a plaintiff on notice that an injury has been sustained which is crucial." *Stanbury*, 953 S.W.2d at 678. A plaintiff may not, of course, delay filing suit until all the injurious effects or consequences of the alleged wrong are actually known to the plaintiff. *Shadrick*, 963 S.W.2d at 733; *Wyatt v. A-Best Company*, 910 S.W.2d 851, 855 (Tenn. 1995). Allowing suit to be filed once all the injurious effects and consequences are known would defeat the rationale for the existence of statutes of limitations,

which is to avoid the uncertainties and burdens inherent in pursuing and defending stale claims. *Wyatt*, 910 S.W.2d at 855.

*Kohl & Co., P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532-33 (Tenn. 1998).

Lufkin argues on appeal that the Trial Court erred in finding that the filing of the Motion to Suppress triggered the running of the statute of limitations because Lufkin himself did not have knowledge as a result of the filing of the Motion to Suppress. Lufkin claims that he never read the Motion to Suppress, that Attorney Bell never provided Lufkin with a copy of the Motion to Suppress, and that Lufkin had no knowledge of the alleged malpractice by Conner until Judge Scott entered the order on the Motion to Suppress. Lufkin asserts that the knowledge of Attorney Bell should not be imputed to Lufkin because Attorney Bell did not share information with Lufkin for strategic reasons.

This Court discussed the issue of whether notice to an attorney constitutes notice to the client in *Winstead v. First Tennessee Bank, N.A.*, stating:

In *Roberts v. State*, 546 S.W.2d 264, 265 (Tenn. Cr. App. 1976), the Court said: "A client is implied to have notice of facts transmitted to his attorney in the matter and course of his employment for such client." In *Moody v. Moody*, 681 S.W.2d 545, 546 (Tenn. 1984), the Court held: "Counsel's knowledge must be attributed to his client, if the actions of the court are to have any efficacy." The rule is succinctly stated in 7A C.J.S. *Attorney and Client* § 182:

As otherwise stated, a person generally is held to know what his attorney knows and should communicate to him, and the fact that the attorney has not actually communicated his knowledge to the client is immaterial. So, the facts constituting knowledge, or want of it, on the part of an attorney, are proper subjects of proof, and are to be ascertained by testimony as in other cases; but when ascertained, the constructive notice thereof to the client is conclusive, and cannot be rebutted by showing that the attorney did not in fact impart the information so acquired.

*Winstead v. First Tennessee Bank, N.A.*, 709 S.W.2d 627, 632 (Tenn. Ct. App. 1986).

Lufkin asserts that there is a difference between civil and criminal cases such that knowledge of a criminal defense attorney cannot be imputed to a client. Lufkin's

position is, at best, overly broad as the Tennessee Court of Criminal Appeals has clearly stated otherwise in *Roberts v. State* as quoted above. *Id.* We need not address here whether all information known by a criminal defense attorney is or is not imputed to a client. Here we are concerned only with the factual information alleged in the Motion to Suppress actually filed in the criminal court proceeding by Lufkin's attorney.

We agree with the Trial Court that: "The factual information and other facts alleged on behalf of [Lufkin] on September 25, 2007 [when the Motion to Suppress was filed] were sufficient to place a reasonable person on notice that [Lufkin] had suffered an injury as a result of alleged conduct by [Conner] by September 25, 2007." The Motion to Suppress was publicly filed on Lufkin's behalf in a case that directly concerned Lufkin. The fact that Lufkin chose not to read this document, which was publicly filed on his behalf, is immaterial. The standard to be applied when determining whether the knowledge requirement has been met is not a subjective one, and actual knowledge is not required. *See, e.g., Kohl & Co., P.C.*, 977 S.W.2d at 532-33. It is sufficient to show that the plaintiff "reasonably should have become aware …" of the negligent or wrongful conduct. *Kohl & Co., P.C.*, 977 S.W.2d at 533.

Lufkin also argues on appeal that the gravamen of the Motion to Suppress and the gravamen of the Complaint in the instant case are completely different, and, therefore, the Motion to Suppress cannot have given Lufkin knowledge of Conner's alleged malpractice. Lufkin asserts that the Motion to Suppress was "aimed at the prosecutorial authorities for violations of the 6th Amendment right to counsel and civil rights guaranteed under the United States Constitution," and that the instant case is wholly different because it is "based on accusations of malpractice against Mr. Conner relying on state law."

We do not disagree that the gravamen of the Motion to Suppress differed from the gravamen of the Complaint in the instant case. Lufkin, however, has missed the point. It is not the gravamen of the Motion to Suppress which imparted knowledge of the alleged malpractice. Rather, it is the facts and alleged facts as stated in the Motion to Suppress which were sufficient to put a reasonable person on notice that "an injury has been sustained as a result of wrongful or tortious conduct by the defendant." *Kohl & Co., P.C.*, 977 S.W.2d at 532.

Lufkin also argues on appeal that the Trial Court erred in dismissing his entire Complaint when some of Conner's alleged acts of malpractice happened within one year of the filing of the suit. It appears that Lufkin is arguing that each new alleged act started the running of the statute of limitations anew. Lufkin, however, has provided no citations to the law in support of this assertion. Likewise, Lufkin cites us to no factual information

contained in the record but rather only to allegations contained in his complaint.[4] Furthermore, Lufkin has misstated the law as discussed more fully above. Lufkin's argument that Conner's continuous representation or continuous acts begins the statute of limitations anew is unpersuasive. When, as is the situation as already discussed here, a reasonable person would be on notice that he has suffered an injury as a result of the alleged malpractice of his attorney the statute of limitations begins to run and is not tolled by the attorney's continued representation. This argument is without merit.

There is no dispute that Lufkin was forced to take some action or suffer some actual inconvenience which could constitute an actual injury when the Presentment was returned against him by a Knox County Grand Jury in January of 2003, if not before that time. There also is no dispute that the Motion to Suppress was filed on Lufkin's behalf on September 25, 2007 and that the instant suit was not commenced until January of 2009. As there is no genuine issue of material fact, and Conner was entitled to summary judgment as a matter of law as discussed fully above, we affirm the grant of summary judgment to Conner.

Our disposition of the first issue renders the remaining issue moot.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, David A. Lufkin, Sr., and his surety.

_____
D. MICHAEL SWINEY, JUDGE

_____

[4]As this Court stated in *Bean v. Bean*: "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000).