IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 26, 2012


**JANICE RIDDLE v. KEITH CARLTON**


**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-001065-II     Kay Spalding Robilio, Judge**

———————————————

**No. W2011-02145-COA-R3-CV - Filed May 31, 2012**

———————————————

Former client filed a pro se complaint for legal malpractice against her former attorney. She had previously filed a complaint against the attorney with the Tennessee Board of Professional Responsibility, and that matter had been resolved in the attorney's favor nearly two years before she filed the malpractice complaint. The trial court dismissed the complaint for malpractice, finding it barred by the one-year statute of limitations for such claims. The former client appealed. We affirm.


**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Janice Riddle, Memphis, Tennessee, *pro se*

William B. Walk, Jr., Memphis, Tennessee, for the appellee, Keith S. Carlton

## OPINION

### I. FACTS & PROCEDURAL HISTORY

On March 4, 2011, Janice Riddle ("Plaintiff") filed a pro se complaint for legal malpractice against her former attorney, Keith S. Carlton ("Attorney Carlton"). According to her complaint, she had suffered an injury at her place of employment in April 2004, and she retained Attorney Carlton in February 2005 to represent her in the context of worker's compensation. The complaint further states that on March 19, 2007, Attorney Carlton "stated to have filed a Complaint for Workman's Compensation benefits (unbeknown to Plaintiff)" in circuit court. Thereafter, according to Plaintiff, she terminated Attorney Carlton due to his failure to communicate with her regarding the status, progress, and activity in her case. Her complaint alleges that there was no "positive action to enhance her cause" from February 2004 to March 2009. According to Plaintiff's complaint, on March 10, 2010, she retained new counsel and took a voluntary nonsuit in the worker's compensation suit filed by Attorney Carlton. Her new attorney apparently re-filed the matter in chancery court, because her complaint states that her new attorney filed a voluntary nonsuit in chancery court on July 23, 2010.

As for the allegations of legal malpractice, Plaintiff alleged that Attorney Carlton was negligent in failing to file the original complaint for worker's compensation benefits in a timely manner. She also alleged that when she informed Attorney Carlton that worker's compensation doctors had misdiagnosed her condition, he falsely stated that her case was progressing, which denied her an opportunity to pursue a medical malpractice claim. She alleged that Attorney Carlton failed to advise her of his "ineptiness (sic) in any attempt to resolve this issue in an appropriate and timely manner," and he "concealed from [her] any options available to her to redress her chief complaint – the physical condition of her leg." Plaintiff alleged that Attorney Carlton's failure to inform her of "the true status of her case" was intentional, fraudulent, malicious, or reckless, entitling her to compensatory and punitive damages.

Attorney Carlton filed a motion to dismiss the legal malpractice complaint, alleging that it was clearly time-barred pursuant to the one-year statute of limitations for legal malpractice claims, set forth in Tennessee Code Annotated section 28-3-104(a)(2). He stated in his response that Plaintiff terminated his representation of her on January 22, 2009. He also stated that she filed an ethics complaint against him on March 9, 2009, which was summarily dismissed on November 9, 2009. He attached to his motion a November 6, 2009 letter from the Board of Responsibility which stated that Plaintiff's complaint against him had been dismissed. Thus, Attorney Carlton argued that Plaintiff's March 4, 2011 complaint for legal malpractice came too late.

On August 29, 2011, the trial court granted Attorney Carlton's motion to dismiss "because (1) Plaintiff failed to file a response to the Motion or appear at the hearing on the Motion; and (2) the Plaintiff's legal malpractice claim is barred by the one (1) year statute of limitations[.]" Plaintiff timely filed a notice of appeal.

## II. ISSUES PRESENTED

Plaintiff raises the following issues on appeal:

1.  Whether the trial court erred in dismissing the complaint on the basis of the statute of limitations; and
2.  Whether the trial court erred in dismissing the complaint because Plaintiff failed to file a response to the motion to dismiss and failed to appear at the hearing.

For the following reasons, we affirm the decision of the circuit court.

## III. STANDARD OF REVIEW

Whether a claim is barred by the applicable statute of limitations is question of law, which we review de novo with no presumption of correctness. *Willis v. Shelby County*, No. W2008-01487-COA-R3-CV, 2009 WL 1579248, at *2 (Tenn. Ct. App. Jun. 8, 2009) (citing *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007)).

Because Attorney Carlton filed a motion to dismiss along with matters outside the pleadings, we must, upon considering the matters outside the pleadings, review the motion as a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56. *Howell v. Claiborne & Hughes Health Ctr.*, No. M2009-01683-COA-R3-CV, 2010 WL 2539651, at *11 (Tenn. Ct. App. Jun. 24, 2010) (citing Tenn. R. Civ. P. 12.02). Under the summary judgment standard, a defendant asserting an affirmative defense shifts the burden of production to the nonmoving party by alleging undisputed facts that show the existence of the affirmative defense. *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 9 n.6 (Tenn. 2008).

## IV. DISCUSSION

The statute of limitations for legal malpractice claims is one year from the time the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(2). When a cause of action accrues is determined by the discovery rule. *John Kohl & Co., P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998). Under the discovery rule, "a cause of action accrues when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." *Id.*

(citing *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998); *Stanbury v. Bacardi*, 953 S.W.2d 671, 677 (Tenn. 1997)). In legal malpractice cases, the discovery rule is composed of two elements: (1) the plaintiff must suffer "legally cognizable damage," meaning an actual injury, as a result of the defendant's wrongful or negligent conduct, and (2) the plaintiff must have known, or in the exercise of reasonable diligence should have known, that this injury was caused by the defendant's wrongful or negligent conduct. ***Id.***

An actual injury may take the form of the plaintiff being forced to take some action or otherwise suffer "some actual inconvenience," such as incurring an expense, as a result of the defendant's negligent or wrongful act. ***Kohl***, 977 S.W.2d at 532. When some injury is known, a plaintiff may not delay filing suit until all the injurious effects or consequences of the alleged wrong are actually known to the plaintiff. ***Id.*** at 533. When any damages become apparent, the statute begins to run even though the amount may be small in comparison to the amount of damages eventually suffered. ***Denley v. Smith***, Shelby Law No. 48, 1989 WL 738, at *4 (Tenn. Ct. App. W.S. Jan. 9, 1989). Allowing a plaintiff to wait until all the injurious effects and consequences are known would defeat the rationale for the existence of statutes of limitations, which is to avoid the uncertainties and burdens inherent in pursuing and defending stale claims. ***Kohl***, 977 S.W.2d at 533.

"The knowledge component of the discovery rule may be established by evidence of actual or constructive knowledge of the injury." ***Id.*** at 532 (citing *Carvell v. Bottoms*, 900 S.W.2d 23, 29 (Tenn. 1995)). Actual knowledge exists where the defendant admits to having committed malpractice, or the plaintiff is informed by another attorney of the malpractice. ***Id.*** However, the Tennessee Supreme Court has rejected the notion that a client must have been advised by a professional that malpractice has occurred in order to trigger the statute of limitations. ***Hartman v. Rogers***, 174 S.W.3d 170, 173 (Tenn. Ct. App. 2005) (citing *Carvell*, 900 S.W.2d at 28). Under the theory of constructive knowledge, the statute begins to run whenever the plaintiff becomes aware or reasonably should have become aware of facts sufficient to put a reasonable person on notice that an injury has been sustained as a result of the defendant's negligent or wrongful conduct. ***Kohl***, 977 S.W.2d at 532. Courts have stressed that there is no requirement that the plaintiff actually know the specific type of legal claim he or she has, or that the injury constituted a breach of the appropriate legal standard. ***Id.*** (citing *Shadrick*, 963 S.W.2d at 733). Instead, "the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." ***Id.*** (quoting *Carvell*, 900 S.W.2d at 29). It is knowledge of facts sufficient to put a plaintiff on notice that "an injury has been sustained" that is crucial. ***Id.*** "Where some injury has occurred and is known to the plaintiff, the fact that the plaintiff is not fully aware of the entire nature and extent of the injury will not toll the statute of limitations." ***Rayford v. Leffler***, 953 S.W.2d 204, 207 (Tenn. Ct. App. 1997). "'[T]he discovery rule was not meant to allow a party to delay filing

his claim until after he has completed the process of discovering all the factors that affect its merits.'" ***Burk v. RHA/Sullivan, Inc.***, 220 S.W.3d 896, 902 (Tenn. Ct. App. 2006) (quoting *Steele v. Tenn. Jaycees, Inc.*, No. 01A01-9505-CH00214, 1995 WL 623067, at *2 (Tenn. Ct. App. M.S. Oct. 25, 1995)).

To recap, Plaintiff's complaint states that she retained Attorney Carlton in February 2005, that he filed a complaint on her behalf on March 19, 2007, and that she terminated him thereafter because of his failure to keep her informed about the status, progress, and activity in her case. Plaintiff filed a complaint against Attorney Carlton with the Board of Professional Responsibility, and it was resolved in his favor on November 9, 2009. Plaintiff retained another attorney on March 10, 2010, and she filed this lawsuit against Attorney Carlton on March 4, 2011. The precise nature of the injury that Plaintiff claims to have suffered as a result of Attorney Carlton's actions is it a bit unclear,[1] as her complaint alleged that Attorney Carlton failed to file the complaint in a timely manner, failed to keep her informed about activity and relevant information in the case, and made false statements to her about the case's progress. However, it is clear from the undisputed facts that Plaintiff believed she had suffered an injury due to the wrongful conduct of Attorney Carlton prior to November 9, 2009, because by that time, she had terminated his representation of her and filed a complaint against him with the Board of Professional Responsibility. Even assuming for the sake of argument that Plaintiff was not aware that "malpractice" had occurred at that time, such knowledge was not necessary in order to trigger the statute of limitations. As noted above, "the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." ***Honeycutt v. Wilkes, McCullough & Wagner***, No. W2007-00185-COA-R3-CV, 2007 WL 2200285, at *8 (Tenn. Ct. App. Aug. 2, 2007) (citing *Kohl*, 977 S.W.2d at 532). Moreover, "[w]here some injury has occurred and is known to the plaintiff, the fact that the plaintiff is not fully aware of the entire nature and extent of the injury will not toll the statute of limitations." ***Id.***; *see also* ***Lufkin v. Conner***, 338 S.W.3d 499, 505 (Tenn. Ct. App. 2010) (rejecting the argument that continuous acts of malpractice require the statute of limitations to begin anew with each act).

---

[1] In Plaintiff's pro se brief on appeal, she quotes the allegations from her complaint and then states, "The upshot of these allegations, which the trial court was obligated to accept as true, is that, on July 23, 2010, Defendant Attorney Keith S. Carlton filed the appellant's Workman's Compensation Complaint in the Chancery Court of Shelby County, Tennessee and that such filing by Carlton was untimely and, thus, constituted negligence. . . . The date of the act complained of against Carlton is July 23, 2010." This statement is perplexing, as the quoted portion of the complaint clearly states that her "new counsel" filed a voluntary nonsuit in chancery court on that date, and that Attorney Carlton had filed the complaint on her behalf in circuit court in 2007. Because Plaintiff's assertion in her brief is not supported by the record, we find no merit in her argument.

Because Attorney Carlton established undisputed facts showing the existence of the affirmative defense of the statute of limitations, and Plaintiff failed to respond to such showing, Attorney Carlton was entitled to summary judgment. *See **Hannan***, 270 S.W.3d at 9. Plaintiff's cause of action for legal malpractice accrued more than one year prior to the filing of this complaint on March 4, 2011, and it is therefore time-barred.

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court and remand for further proceedings. Costs of this appeal are taxed to the appellant, Janice Riddle, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.