FILED
12/28/2017
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 7, 2017 Session

## DAWN MOSS v. GREGORY HEERDINK

**Appeal from the Circuit Court for Bedford County**
**No. 13-177   Franklin L. Russell, Judge**

_____

### No. M2017-01368-COA-R3-CV

_____

Worker commenced this action in the general sessions court seeking compensation for miscellaneous work performed at defendant's residence. When the plaintiff prevailed in the general sessions court, the defendant filed a timely notice of appeal to the circuit court. After the circuit court set the case for trial on April 20, 2017, the parties entered an agreed order to continue the trial to allow the parties to mediate the claim. The agreed order also reset the trial for June 8, 2017. The parties agreed to a mediator and date and time for the mediation but neither the defendant nor her attorney attended. When the case came on for trial, neither the defendant nor her attorney appeared, and the trial proceeded. After the plaintiff presented his evidence, the court awarded the plaintiff a judgment for $24,952.91. The defendant appeals without identifying a specific issue. It appears that the defendant is contending that the trial court erred by proceeding with the trial in her absence. She also appears to be contending that she had been in a romantic relationship with plaintiff and that all of the work he did around her house was gratuitous. We find no abuse of discretion with the trial court's decision to proceed with the trial. Because there is neither a transcript of the evidence nor a statement of the evidence, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings at trial. Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Dawn A. Moss, Belle Buckle, Tennessee, Pro Se.

S. Todd Bobo, Shelbyville, Tennessee, for the appellee, Gregory Heerdink.

# MEMORANDUM OPINION[1]

Gregory Heerdink ("Plaintiff") filed a general sessions civil warrant on November 22, 2016, in which he sued Dawn Moss ("Defendant") for breach of contract and unpaid work/labor in the amount of $20,855.00. He claims to be owed this amount for various services he allegedly rendered for the benefit of Defendant at her residence in Marshall County from 2012 through 2016. The general sessions court ruled in favor of Plaintiff on December 6, 2016 and awarded damages in the amount of $24,952.91.

On December 16, 2016, Defendant timely appealed to the circuit court. Shortly thereafter, attorney Christopher Westmoreland made an appearance on behalf of Defendant and filed a response asserting, in pertinent part, that "the existence of the contract and an obligation for any sum is denied, and . . . the parties are neighbors, have been for all periods related to this dispute, have had a relationship of a personal nature."

Pursuant to an order entered on February 13, 2017, the circuit court set a trial date of April 20, 2017. On April 7, 2017, counsel for Plaintiff filed a motion to continue in which it was represented to the court "[t]hat the parties agreed to set this matter immediately for a hearing on Thursday, April 20, 2017, at 10:00 a.m. . . . [and] that the parties have taken party depositions and recently received the deposition transcripts." The continuance was for the parties to mediate the case. The motion was granted pursuant to an agreed order, and the case was reset for trial on June 8, 2017.

Although mediation with Don Ray of Tullahoma was set by agreement for May 10, 2017, neither Defendant nor her attorney attended the mediation. In oral argument, Plaintiff's attorney stated that Defendant's attorney indicated that he forgot about the mediation.

When the case came on for trial on June 8, 2017, neither Defendant nor her attorney appeared or gave notice that they could not attend.[2] With the permission of the court, Plaintiff moved forward with the hearing and presented evidence to support his claim. At the conclusion of the trial, the court awarded him damages in the amount of $24,952.91. The relevant portion of the final judgment reads:

---

[1] Tennessee Court of Appeals Rule 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Defendant stated at oral argument that she had no idea that she was supposed to be in court on June 8. The record does not contain a motion to withdraw on the part of Defendant's counsel.

1. The Plaintiff, GREGORY HEERDINK, and the Defendant, DAWN MOSS (now OSBORNE), entered into a verbal contract which allowed the Plaintiff to perform several jobs on the Defendant's property.
2. That the Plaintiff performed manual labor, paid for labor of third parties and paid for materials all for the benefit of the Defendant.
3. That the Plaintiff performed labor in the amount of Twenty Thousand Eight Hundred Fifty-five Dollars ($20,855.00) and paid for materials in the amount of $4,097.91 for the benefit of the Plaintiff.

This appeal followed.

Defendant's pro se brief fails to identify a specific issue. She states, in pertinent part,

I don't understand why my lawyer would let this go to court without me, he should have been working for me no matter what. . . . I also don't understand how somebody can write services rendered down on a piece of note book paper, with no actual dates, times, just says starting June 2012.

In closing, she states in her brief: "My prayer is that the Court of Appeals reverse the judge's decision and let me get on with my life."

Based upon Defendant's brief, she appears to be raising two issues. One, that the trial court erred by proceeding with the trial in her absence. Two, there is no basis for any award due to the fact that all of the work Plaintiff did for her was gratuitous because they had been in a romantic relationship at all material times.

## ANALYSIS

We begin by noting that Defendant, who has no legal training, is representing herself in this appeal. Parties who decide to represent themselves "are entitled to fair and equal treatment" by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *see also Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). As we explained in *Hessmer v. Hessmer*, 138 S.W.3d 901 (Tenn. Ct. App. 2003), "[t]he courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers." *Hessmer*, 138 S.W.3d at 903 (citations omitted). As we stated in *Hessmer*:

[t[he courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts

must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

. . . .

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. . . . Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Id*. at 903-04 (citations omitted).

## I. WHETHER THE TRIAL SHOULD HAVE BEEN CONTINUED A SECOND TIME

Defendant contends the trial court erred by proceeding with the trial when neither she nor her attorney was present. Stated another way, Defendant contends the trial court erred by failing to continue the trial to a later date. The grant or denial of a continuance rests within the sound discretion of the trial court. *Morrow v. Drumwright*, 304 S.W.2d 313, 315 (Tenn. 1957); *see also Barber & McMurry, Inc. v. Top-Flite Dev. Corp. Inc.*, 720 S.W.2d 469, 471 (Tenn. Ct. App. 1986).

It is a fundamental principle that "[n]otice and the opportunity to be heard are the minimal requirements of due process." *Guseinov v. Synergy Ventures, Inc.*, 467 S.W.3d 920, 927 (Tenn. Ct. App. 2014) (citing U.S. CONST. amend. XIV; *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). "Basic due process requires 'notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Keisling v. Keisling*, 92 S.W.3d 374, 377 (Tenn. 2002) (quoting *State v. Pearson*, 858 S.W.2d 879, 884 (Tenn. 1993)). The record before us, although very sparse, includes the agreed order that continued the first trial date and reset the case for trial on June 8, 2017. Thus, Defendant's counsel had actual notice of the new trial date, which notice is imputed to Defendant herself. *See Lufkin v. Conner*, 338 S.W.3d 499, 504 (Tenn. Ct. App. 2010) (stating that the client is generally held to have notice of facts his or her attorney knows and should communicate to the client).

Because Defendant had notice and the opportunity to be heard, the burden is on Defendant to establish a reason for her failure to attend the trial that would entitled her to relief from the judgment at issue. *See Ferguson v. Brown*, 291 S.W.3d 381, 388 (Tenn. Ct. App. 2008).

A party may be entitled to relief from a judgment due to mistake, inadvertence, surprise, or excusable neglect. *See* TENN. R. CIV. P. 59.04 and 60.02; *see also Campbell*

- 4 -

*v. Archer*, 555 S.W.2d 110, 112 (Tenn. 1977); *Vines v. Gibson*, 54 S.W.3d 291, 291-92 (Tenn. Ct. App. 2001); *Henson v. Diehl Mach., Inc.*, 674 S.W.2d 307, 310 (Tenn. Ct. App. 1984)). The proper procedure by which to seek such relief is by filing a motion pursuant to Tenn. R. Civ. P. 59 or 60.02. The record before us does not contain a Tenn. R. Civ. P. 59.04 motion to alter or amend the judgment or a Rule 60.02 motion to set aside the judgment. Moreover, the record provides no basis upon which to conclude that Defendant's or her attorney's failure to appear for trial was due to the type of mistake, inadvertence, surprise, or excusable neglect that would entitle her to relief from the judgment.

The only information before us is what Defendant states in her brief, which is insufficient to establish that she is entitled to relief from the judgment or that the trial court abused its discretion by proceeding with the trial. While we are sympathetic to Defendant's plight, our review is confined to the record, and there is no basis in this record for us to conclude that the trial court abused its discretion by proceeding with the trial on June 8, 2017.

II.    WHETHER THE RECORD SUPPORTS THE CIRCUIT COURT'S FINDINGS

Defendant contends there is no basis for any award due to the fact that all of the work Plaintiff did for her was gratuitous because they had been in a romantic relationship at all material times.

The Tennessee Rules of Appellate Procedure place the responsibility for the preparation of the transcript or a statement of evidence on the parties, and the appellant has the primary burden to see that a proper record is prepared and filed in this Court. TENN. R. APP. P. 24; *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989).

> If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available . . . the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. . . .

TENN. R. APP. P. 24(c).

Unfortunately, the record on appeal does not contain a transcript of the evidence or a statement of evidence.[3] Our ability to address the issues is severely hampered, if not

---

[3] We note that Plaintiff states in his brief: "There is no transcript available for this particular trial. As a result, the Plaintiff asserts a Statement of the Evidence pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure." We, however, respectfully disagree because Plaintiff's statement of the evidence

completely eliminated, by the absence of either a transcript of the hearing or a Tenn. R. App. P. 24(c) statement of the evidence documenting the evidence adduced at the trial. Defendant, as the appellant, had the duty "'to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal.'" *Boggs v. Rhea*, 459 S.W.3d 539, 546 (Tenn. Ct. App. 2014) (quoting *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997)).

We cannot review the facts without an appellate record containing the facts. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Therefore, "we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Id.* Consequently, we must affirm the judgment of the trial court.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Dawn A. Moss.

_____
ANDY D. BENNETT, JUDGE

---

was not filed "with the clerk of the trial court" as required by Tenn. R. App. P. 24(c), which reads, in pertinent part:

> The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.